UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY LEANDER GRANT,

            Plaintiff,

v.                                                    Case No. 22-cv-0225-bhl

MERK (EMD) MILLIPORESIGMA
ALDRICH CHEMICAL,

            Defendant.

## ORDER GRANTING MOTION TO DISMISS

        On January 31, 2022, Plaintiff Tony Leander Grant filed a pro se complaint in Milwaukee County Circuit Court, alleging that his employer, "Merk (EMD) Milliporesigma Aldrich Chemical," unlawfully fired him in or around September 2021. ECF No. 1-1. On February 23, Aldrich Chemical Co. LLC, identifying itself as the proper defendant and stating that "Merk (EMD) Milliporesigma Aldrich Chemical" does not exist, timely removed the case to the Eastern District of Wisconsin on diversity jurisdiction grounds.[1] ECF No. 1. The case was assigned to Magistrate Judge Nancy Joseph. On March 2, Defendant filed a motion to dismiss. ECF No. 8. Plaintiff did not respond to the motion but did file a completed Magistrate Judge Jurisdiction Form on April 4, after which the case was reassigned from the Magistrate Judge. ECF No. 11.

        Plaintiff claims Defendant violated free-speech rights guaranteed to him under the Wisconsin State Constitution. ECF No. 1-1. He alleges he was falsely accused of sexual harassment and that he "vociferously denied and objected to" the accusations when Defendant's HR personnel interviewed him as part of their investigation into the claims. *Id.* Even though he was cleared of the sexual harassment charges, Defendant proceeded to "unlawfully terminat[e]" Plaintiff because of "the manner and tone of his statements during the investigative interview." *Id.*

        Defendant moves to dismiss on grounds that Plaintiff has failed to plead an actionable claim. ECF No. 9. Defendant notes that Plaintiff purports to assert a claim for violation of his

---

[1] Defendant is a Delaware limited liability corporation. ECF No. 1 at 2. Plaintiff appears to be a resident of Milwaukee, Wisconsin. ECF No. 1-2.

free-speech rights under the Wisconsin Constitution, but those rights arise only against government interference with free speech. ECF No. 9 at 3–4. The Court agrees and will grant Defendant's motion to dismiss because Plaintiff fails to state a claim for which relief can be granted, even assuming his allegations are true. *See* Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is a fundamental premise of constitutional law that the Wisconsin Constitution guarantees free-speech protections against state actors, not private actors. *Jacobs v. Major*, 407 N.W.2d 832, 837 (1987). Defendant is a private actor and therefore cannot be liable for an alleged violation of Plaintiff's constitutional rights.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss, ECF No. 8, is **GRANTED**. The complaint, ECF No. 1-1, is **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin on April 20, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge