UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY LEANDER GRANT,

          Plaintiff,

v.                                                           Case No. 22-cv-0225-bhl

MERK (EMD) MILLIPORESIGMA
ALDRICH CHEMICAL,

          Defendant.

## ORDER

      On January 31, 2022, Plaintiff Tony Leander Grant filed a pro se complaint in Milwaukee County Circuit Court, alleging that his employer, "Merk (EMD) Milliporesigma Aldrich Chemical," unlawfully fired him in or around September 2021. (ECF No. 1-1.) On February 23, Aldrich Chemical Co. LLC, identifying itself as the proper defendant and stating that "Merk (EMD) Milliporesigma Aldrich Chemical" does not exist, timely removed the case to the Eastern District of Wisconsin on diversity jurisdiction grounds.[1] The case was assigned to Magistrate Judge Nancy Joseph. On March 2, Defendant filed a motion to dismiss. (ECF No. 8.) Plaintiff did not respond to the motion but did file a completed Magistrate Judge Jurisdiction Form on April 4, after which the case was reassigned to this Court. (ECF No. 11.) This Court granted Defendant's motion to dismiss on April 20, 2022 because he alleged violations of his free-speech rights only against private actors, and not state actors, and as a private actor, Defendant cannot be liable for an alleged violation of Grant's constitutional rights. (ECF No. 12.)

      A few months after the Court's order, on June 14, 2022, Grant filed a motion to vacate dismissal and to amend his complaint. (ECF No. 14.) Grant then filed a motion to file a second amended complaint on August 3, 2022. (ECF No. 17.) Defendant opposed both motions. (ECF Nos. 16 & 18.) Grant rehashes the same rejected arguments made in his original motion, and argues that as a pro se litigant, the Court should afford him "liberal construction" in his pleadings.

---

[1] Defendant is a Delaware limited liability corporation. (ECF No. 1 at 2.) Plaintiff appears to be a resident of Milwaukee, Wisconsin. (ECF No. 1-2.)

(*See* ECF No. 14 at 1.) Grant also adds that Defendant violated his Fifth Amendment due process rights in its workplace sexual harassment investigation against him. (*See* ECF No. 14-1 at 1; ECF No. 17-1 at 1.)

On motion and just terms, the Court may relieve a party from a final judgment for any reason that may justify relief. Fed. R. Civ. P. 60(b)(6). Rule 60(b) sets forth six grounds on which a party may seek relief from an order, and of these grounds, only the sixth, a catch-all, possibly applies to the pending motion. Typically, Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)—they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). And Rule 60(b) relief is "an extraordinary remedy" that is "granted only in exceptional circumstances." *York v. United States*, 55 F. Supp. 3d 1028, 1030 (N.D. Ill. 2014) (quoting *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)).

Unfortunately for Grant, none of these reasons apply in his case. Even giving him the benefit of broadly construing his motion as a Rule 60(b) motion, Defendant is still a private party, and neither the United States nor the Wisconsin Constitutions provide protections for private parties' violations of free-speech rights. *See Lloyd Corp. v. Tanner*, 407 U.S. 551, 567 (1972); *Jacobs v. Major*, 407 N.W.2d 832, 837 (Wis. 1987). And to the extent that Grant seeks to assert a claim for violation of his Fifth Amendment rights, because Defendant is a private party, it did not act under color of state law as required under 42 U.S.C. § 1983. *See DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) ("The traditional understanding of what it means for an official to act 'under color of state law' encompasses misconduct by officials exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *West v. Adkins*, 487 U.S. 42, 49 (1988)).

The Court is sympathetic that as a pro se litigant Grant faces significant challenges and accordingly the Court should give him appropriate latitude in his filings. *See DJM Logistics, Inc. v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 415 (7th Cir. 2022). But being a pro se litigant does not absolve Grant of the requirement to bring an actionable claim. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). His amended complaints do not transform his claim into an actionable one. Therefore, his motion to vacate dismissal and his motions to amend his complaint must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to vacate dismissal and motion to amend complaint, ECF No. 14, is **DENIED** *with prejudice*.

**IT IS FURTHER ORDERED** that Plaintiff's motion to file a second amended complaint, ECF No. 17, is **DENIED** *with prejudice*.

Dated at Milwaukee, Wisconsin on February 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge